IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LARA MILLER<br>15 Venetian Court<br>Hedgesville, West Virginia 25427<br><br>and<br><br>NATHAN MILLER<br>15 Venetian Court<br>Hedgesville, West Virginia 25427<br><br>    Plaintiffs<br><br>v.<br><br>SCOTT R. RIDDELL, M.D.,<br>University of South Florida<br>2 Tampa General Circle, 6th floor<br>Tampa, Florida 33606<br><br>and<br><br>MERITUS MEDICAL CENTER, INC.<br>11116 Medical Campus Road<br>Hagerstown, Maryland 21742<br><br>SERVE ON:<br>    Resident Agent, Joseph P. Ross<br>    11116 Medical Campus Road<br>    Hagerstown, Maryland 21742<br><br>    Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*  Civil Action No. _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

*******************************************************************

**COMPLAINT AND ELECTION FOR JURY TRIAL**

The Plaintiffs, Lara Miller and Nathan Miller, by and through their attorneys, Henry E. Dugan, Jr., George S. Tolley III and Dugan, Babij & Tolley, LLC, sue the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc.

## PARTIES

1. The Plaintiff, Lara Miller, is an adult citizen of the State of West Virginia, residing at 15 Venetian Court, Hedgesville, West Virginia 25427.

2. The Plaintiff, Nathan Miller, is an adult citizen of the State of West Virginia, residing at 15 Venetian Court, Hedgesville, West Virginia 25427.

3. The Defendant, Scott R. Riddell, M.D., is an adult citizen of the State of Florida, who at all times complained of herein was licensed to practice medicine in the State of Maryland, with his principal place of business located at 11110 Medical Campus Road, Suite 249, Hagerstown, Maryland 21742.

4. The Defendant, Meritus Medical Center, Inc., is a medical corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 11116 Medical Campus Road, Hagerstown, Maryland 21742.

## AMOUNT OF CLAIM AND VENUE

5. The amount of this claim exceeds One Hundred Thousand Dollars ($100,000.00), and venue is appropriate in the United States District Court for the District of Maryland, pursuant to 28 U.S.C. § 1332 (diversity of citizenship), as the forum in which the Plaintiffs' cause of action arose.

6. In accordance with the Maryland Health Care Malpractice Claims Act, Md. Cts. & Jud. Procs. Code Ann. §§ 3-2A-01 et seq., the Plaintiffs filed this matter with the Maryland Health Care Alternative Dispute Resolution Office on or about July 23, 2014. Statement of Claim, attached and incorporated herein as Exhibit 1. Correspondingly, the Plaintiffs filed their Certificate of Merit and Election to Waive Arbitration with the Maryland Health Care Alternative Dispute Resolution Office on or about August 12,

2014. Certificate of Merit and Election to Waive Arbitration, attached and incorporated herein as Exhibit 2.

7. The Plaintiffs relate back to, repeat, reallege, adopt and incorporate by reference the initial Statement of Claim filed with the Maryland Health Care Alternative Dispute Resolution Office on or about July 23, 2014, as though fully set forth herein.

### COUNT I
### (Negligence – Scott Riddell, M.D., and Meritus Health Center, Inc.)

The Plaintiff, Lara Miller, repeats, realleges, adopts and incorporates by reference paragraphs 1 through 7 of this Complaint as though fully set forth herein.

8. At all times of which the Plaintiff complains, the Defendant, Scott R. Riddell, M.D., was licensed to practice medicine in the State of Maryland and represented to the public and to the Plaintiff possession of that degree of skill, knowledge and ability ordinarily possessed by a reasonably competent physician providing obstetrical and gynecological medical services.

9. At all times of which the Plaintiff complains, the Defendant, Meritus Medical Center, Inc., through its real, apparent and/or ostensible agents, servants and/or employees, was licensed to practice medicine in the State of Maryland and, through its real, apparent and/or ostensible agents, servants and/or employees, represented to the public and to the Plaintiff possession of that degree of skill, knowledge and ability ordinarily possessed by a reasonably competent medical hospital corporation practicing and providing medical and professional services in the specialties of obstetrics and gynecology.

10. At all times of which the Plaintiff complains, the Defendant, Scott R. Riddell, M.D., was acting individually and as the real, apparent and/or ostensible agent, servant and/or employee of the Defendant, Meritus Medical Center, Inc.

11. The Defendant, Scott R. Riddell, M.D., owed to the Plaintiff a duty to exercise that degree of care, skill and judgment ordinarily expected of a reasonably competent healthcare provider of his chosen specialty acting in the same or similar circumstances; that duty included the performance of adequate and proper tests and procedures to determine the nature and severity of the conditions of the Plaintiff; the careful diagnosis of such conditions; the employment of appropriate procedures and treatments to correct such conditions; the continuous evaluation of the effects of such treatments; the adjustment of the course of treatment in response to such evaluations; and the appropriate notification to the Plaintiff of the various alternatives and risks involved in various modalities of treatment.

12. The Defendant, Meritus Medical Center, Inc., through its real, apparent and/or ostensible agents, servants and/or employees, including, but not necessarily limited to, Scott R. Riddell, M.D., owed to the Plaintiff a duty to exercise that degree of care, skill and judgment ordinarily expected of a reasonably competent medical corporation practicing in the specialty of obstetrics and gynecology and acting in the same or similar circumstances; that duty included the performance of adequate and proper tests and procedures to determine the nature and severity of the conditions of the Plaintiff; the careful diagnosis of such conditions; the employment of appropriate procedures and treatments to correct such conditions; the continuous evaluation of the effects of such treatments; the adjustment of the course of treatment in response to such

evaluations; and the appropriate notification to the Plaintiff of the various alternatives and risks involved in various modalities of treatment.

13. In or around February of 2010, the Plaintiff, Lara Miller, presented to the facility of the Defendant, Meritus Medical Center, Inc., known as the Women's Health Center at Robinwood, for obstetrical prenatal care associated with her second pregnancy. The Plaintiff, Lara Miller, successfully carried that pregnancy to term, delivering her second child on August 18, 2010. Thereafter, the Plaintiff, Lara Miller, consulted with the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, concerning her desire for permanent sterilization. On November 19, 2010, the Plaintiff, Lara Miller, underwent a bilateral tubal ligation with Filshie clips performed by the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees. Following that surgery, on or about September 23, 2011, the Plaintiff, Lara Miller, received the results of a positive pregnancy test, indicating that the surgery that had been performed by the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, had failed to sterilize her, and that she had become pregnant with her third child. The Plaintiff, Lara Miller, successfully carried her third pregnancy to term, delivering her third child on May 7, 2012. On August 3, 2012, the Plaintiff, Lara Miller, underwent an operative laparotomy and bilateral salpingectomy, at which time it was discovered that the right Filshie clip had been attached to the broad ligament instead of the right Fallopian tube.

14. The Plaintiff further avers that, as a result of the inadequate, inappropriate and negligent care, treatment and management by Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiff, Lara Miller, was injured and damaged.

15. The negligent and careless acts and omissions of the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, include, but are not necessarily limited to:

    a. Failing to employ adequate diagnostic procedures and tests to determine the nature and severity of the Plaintiff's condition;

    b. Failing to diagnose such conditions carefully;

    c. Failing to employ appropriate treatments and procedures to correct such conditions;

    d. Failing to carefully and thoroughly evaluate the effects of the chosen treatments;

    e. Failing to adjust such chosen treatments in response to evaluations of the effects of prior treatments;

    f. Negligently and carelessly failing properly to identify the right Fallopian tube during surgery;

    g. Negligently and carelessly clamping a Filshie clip to the broad ligament instead of the Fallopian tube;

    h. Negligently and carelessly failing to confirm the proper placement of the Filshie clip, after it had been improperly placed on the broad ligament instead of the right Fallopian tube; and

    i. Being otherwise careless and negligent.

16. The Plaintiff further alleges that, as a result of the negligent and careless acts and omissions of the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiff, Lara Miller, experienced a severe shock to her nerves and nervous system, pain, mental anguish, unnecessary procedures, unnecessary hospital and medical care and expenses, a loss of earnings and earning capacity and was otherwise injured and damaged.

17. As a further result of the negligent and careless acts and omissions of the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiff, Lara Miller, was confined to hospitals for treatment of her injuries, and has been and will continue to be prevented from her normal vocations, activities and pursuits as a result of the injuries, damages and/or losses complained of.

18. The Plaintiff further alleges that all of her respective injuries, damages and losses were caused by the negligent acts and omissions of the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, without any negligence or want of due care on the part of the Plaintiff thereunto contributing.

WHEREFORE, this claim is brought by the Plaintiff, Lara Miller, against the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc.

**COUNT II**
**(Negligent Sterilization – Scott Riddell, M.D., and Meritus Health Center, Inc.)**

The Plaintiffs, Lara Miller and Nathan Miller, repeat, reallege, adopt and incorporate by reference paragraphs 1 through 18 of this Statement of Claim as though fully set forth herein.

19. At all times of which the Plaintiffs complain, the Defendant, Scott R. Riddell, M.D., was licensed to practice medicine in the State of Maryland and represented to the public and to the Plaintiffs possession of that degree of skill, knowledge and ability ordinarily possessed by a reasonably competent physician providing obstetrical and gynecological medical services.

20. At all times of which the Plaintiffs complain, the Defendant, Meritus Medical Center, Inc., through its real, apparent and/or ostensible agents, servants and/or employees, was licensed to practice medicine in the State of Maryland and, through its real, apparent and/or ostensible agents, servants and/or employees, represented to the public and to the Plaintiff possession of that degree of skill, knowledge and ability ordinarily possessed by a reasonably competent medical hospital corporation practicing and providing medical and professional services in the specialties of obstetrics and gynecology.

21. At all times of which the Plaintiffs complain, the Defendant, Scott R. Riddell, M.D., was acting individually and as the real, apparent and/or ostensible agent, servant and/or employee of the Defendant, Meritus Medical Center, Inc.

22. The Defendant, Scott R. Riddell, M.D., owed to the Plaintiffs a duty to exercise that degree of care, skill and judgment ordinarily expected of a reasonably competent healthcare provider of his chosen specialty acting in the same or similar circumstances; that duty included the performance of adequate and proper tests and

procedures to determine the nature and severity of the conditions of the Plaintiff, Lara Miller; the careful diagnosis of such conditions; the employment of appropriate procedures and treatments to correct such conditions; the continuous evaluation of the effects of such treatments; the adjustment of the course of treatment in response to such evaluations; and the appropriate notification to the Plaintiff of the various alternatives and risks involved in various modalities of treatment.

23. The Defendant, Meritus Medical Center, Inc., through its real, apparent and/or ostensible agents, servants and/or employees, including, but not necessarily limited to, Scott R. Riddell, M.D., owed to the Plaintiff, Lara Miller, a duty to exercise that degree of care, skill and judgment ordinarily expected of a reasonably competent medical corporation practicing in the specialty of obstetrics and gynecology and acting in the same or similar circumstances; that duty included the performance of adequate and proper tests and procedures to determine the nature and severity of the conditions of the Plaintiff; the careful diagnosis of such conditions; the employment of appropriate procedures and treatments to correct such conditions; the continuous evaluation of the effects of such treatments; the adjustment of the course of treatment in response to such evaluations; and the appropriate notification to the Plaintiff of the various alternatives and risks involved in various modalities of treatment.

24. In or around February of 2010, the Plaintiff, Lara Miller, presented to the facility of the Defendant, Meritus Medical Center, Inc., known as the Women's Health Center at Robinwood, for obstetrical prenatal care associated with her second pregnancy. The Plaintiff, Lara Miller, successfully carried that pregnancy to term, delivering her second child on August 18, 2010. Thereafter, the Plaintiff, Lara Miller, consulted with

the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, concerning her desire for permanent sterilization. On November 19, 2010, the Plaintiff, Lara Miller, underwent a bilateral tubal ligation with Filshie clips performed by the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees. Following that surgery, on or about September 23, 2011, the Plaintiff, Lara Miller, received the results of a positive pregnancy test, indicating that the surgery that had been performed by the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, had failed to sterilize her, and that she had become pregnant with her third child. The Plaintiff, Lara Miller, successfully carried her third pregnancy to term, delivering her third child on May 7, 2012. On August 3, 2012, the Plaintiff, Lara Miller, underwent an operative laparotomy and bilateral salpingectomy, at which time it was discovered that the right Filshie clip had been attached to the broad ligament instead of the right Fallopian tube.

25. The Plaintiffs further aver that, as a result of the inadequate, inappropriate and negligent care, treatment and management by Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiffs, Lara Miller and Nathan Miller, were constrained to bear the costs of rearing an unplanned child to majority, and were otherwise injured and damages

26. The negligent and careless acts and omissions of the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, include, but are not necessarily limited to:

    a. Failing to employ adequate diagnostic procedures and tests to determine the nature and severity of the Plaintiff's condition;

    b. Failing to diagnose such conditions carefully;

    c. Failing to employ appropriate treatments and procedures to correct such conditions;

    d. Failing to carefully and thoroughly evaluate the effects of the chosen treatments;

    e. Failing to adjust such chosen treatments in response to evaluations of the effects of prior treatments;

    f. Negligently and carelessly failing properly to identify the right Fallopian tube during surgery;

    g. Negligently and carelessly clamping a Filshie clip to the broad ligament instead of the Fallopian tube;

    h. Negligently and carelessly failing to confirm the proper placement of the Filshie clip, after it had been improperly placed on the broad ligament instead of the right Fallopian tube; and

    i. Being otherwise careless and negligent.

27. The Plaintiffs further allege that, as a result of the negligent and careless acts and omissions of the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiffs, Lara Miller and Nathan Miller, have incurred

unnecessary expenses, a loss of earnings and earning capacity and were otherwise injured and damaged.

28. As a further result of the negligent and careless acts and omissions of the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiffs, Lara Miller and Nathan Miller, have been and will continue to be prevented from their normal vocations, activities and pursuits as a result of the obligations of parenting an unplanned child to majority.

29. The Plaintiffs further allege that, as a result of the negligent and careless acts and omissions of the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiffs were, are, and will be required to incur great expenses for necessaries associated with raising their third child.

30. The Plaintiffs further allege that all of their respective injuries, damages and losses were caused by the negligent acts and omissions of the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, without any negligence or want of due care on the part of the Plaintiffs thereunto contributing.

WHEREFORE, this claim is brought by the Plaintiffs, Lara Miller and Nathan Miller, against the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc.

## COUNT III
**(Informed Consent – Scott R. Riddell, M.D., and Meritus Medical Center, Inc.)**

The Plaintiff, Lara Miller, repeats, realleges, adopts and incorporates by reference paragraphs 1 through 30 of this Statement of Claim as though fully set forth herein.

31. The Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, owed to the Plaintiff, Lara Miller, the duty to appropriately notify the Plaintiff of the various alternatives and risks in order to obtain the Plaintiff's informed consent to their plan of care and/or treatment.

32. The Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, failed to appropriately obtain an informed consent from the Plaintiff, Lara Miller, to their plan of care and/or treatment and were otherwise negligent.

33. As the result of the failure to obtain an informed consent by the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiff, Lara Miller, experienced a severe shock to her nerves and nervous system, pain, mental anguish, unnecessary procedures, unnecessary hospital and medical care and expenses, a loss of earnings and earning capacity and was otherwise injured and damaged.

34. As a further result of the failure to obtain an informed consent by the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiff, Lara Miller, was confined to hospitals for the treatment of the injuries which she

sustained, and she has been and will continue to be prevented from her normal vocations, activities and pursuits as a result of the injuries, damages and/losses complained of.

35. As a further result of the failure to obtain an informed consent by the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, the Plaintiff was, is and will be required to incur great expenses for necessaries associated with raising her third child.

36. All of the injuries, damages and losses complained of were caused by the failure of the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc., individually and through their real, apparent and/or ostensible agents, servants and/or employees, to obtain an informed consent, without any negligence or want of due care on the part of the Plaintiff thereunto contributing.

WHEREFORE, this claim is brought by the Plaintiff, Lara Miller, against the Defendants, Scott R. Riddell, M.D., and Meritus Medical Center, Inc.

Henry E. Dugan, Jr.
George S. Tolley III
Dugan, Babij & Tolley, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093

*Attorneys for Plaintiffs*